IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

CASE NO. 13-60070-CIV-DIMITROULEAS/SNOW

MORTEN STEEN-JORGENSEN and
STEEN GROUP LLC,

    Plaintiffs,

v.

BULLGUARD AMERICAS LLC,
BULLGUARD LIMITED, NEDKO IVANOV and
GEORGE SIDJIMKOV,

    Defendants.
_____/

## MOTION TO DISMISS COMPLAINT BY DEFENDANTS NEDKO IVANOV AND GEORGE SIDJIMKOV AND INCORPORATED MEMORANDUM OF LAW

    Defendants, Nedko Ivanov ("Ivanov") and George Sidjimkov ("Sidjimkov"), move to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and state:

### INTRODUCTION

    This is a dispute between BullGuard Limited ("BullGuard Limited") and the Steen Group LLC ("Steen Group"), the two members of a limited liability company, BullGuard Americas, LLC ("BullGuard Americas"). BullGuard Limited is a software manufacturer. As BullGuard Limited's name and logo (the crimson silhouette of a tenacious English bulldog) suggest, BullGuard Limited's software is an Internet security product. Looking to expand its customer base, BullGuard Limited entered into an agreement with the Steen Group to distribute BullGuard Limited's software in America. As a vehicle for that distribution, the Steen Group and BullGuard Limited formed BullGuard Americas and signed a Distribution Agreement with BullGuard Americas. Until December 31, 2012, Morten Steen-Jorgensen ("Steen-Jorgensen")

was the Chief Executive Manager of BullGuard Americas and remains as a manager. Ivanov and Sidjimkov are Managers. Ivanov and Sidjimkov are also Directors of BullGuard Limited.

Recently, BullGuard Limited exercised its right to terminate the Distribution Agreement. BullGuard Limited had the option to terminate the Distribution Agreement, and it did so rightfully. But, this is a motion to dismiss, and Ivanov and Sidjimkov are not asking the Court to delve into those issues now. However, the claims against Ivanov and Sidjimkov arise from the termination of the Distribution Agreement, so providing a brief historical background for context is important.

As the Court is aware, motions to dismiss are, generally, confined to the four corners of the Complaint. Here, two problems lie in the four corners at issue. First, Plaintiffs' Complaint contains only conclusory allegations of wrongdoing. In the one count against these defendants, Plaintiffs offer scarce detail about why Ivanov's or Sidjimkov's conduct was wrongful. And, Plaintiffs do not identify what cause of action they are bringing against BullGuard Limited, Ivanov, and Sidjimkov and why there should be an action against the individuals who were simply acting as representative managers of one of two members of BullGuard Americas. Second, the Complaint impermissibly lumps together Ivanov and Sidjimkov—and sometimes BullGuard Limited as well—in the count against them. Without individualized allegations against them, Ivanov and Sidjimkov cannot fairly respond to the Complaint.

## THE COMPLAINT'S ALLEGATIONS

The Complaint contains no general allegations or background allegations. It starts by alleging Ivanov and Sidjimkov owed a fiduciary duty of loyalty and were obligated to avoid conflicts of interest, according to Florida Statutes §§ 608.4225 and 608.4226. [ECF # 1-1, pp. 3–

4, ¶ 16.] It also states that Ivanov and Sidjimkov had "to act in good faith and in the best interests of the company." [*Id.* at p.4, ¶ 17.]

Regarding Ivanov's and Sidjimkov's alleged actions, the Complaint states "BullGuard Limited and Nedko Ivanov and George Sidjimkov" breached their "statutory and Operating Agreement duties" by terminating the Distribution Agreement. [*Id.* at p.4, ¶ 18.] This allegation does not state what each of the defendants did individually. Said termination was allegedly against the best interests of BullGuard Americas and the Steen Group and was "in reckless disregard" of BullGuard Americas' and the Steen Group's interests. [*Id.*] Ivanov and Sidjimkov are allegedly liable for violating their duty to avoid conflicts of interest by not stopping BullGuard Limited from termination the Distribution Agreement. [*Id.* at p.4, ¶ 19.] Plaintiffs do not explain why this termination was wrongful or against BullGuard Americas' best interests. Plaintiffs finish by pronouncing "BullGuard Limited and Nedko Ivanov and George Sidjimkov" are acting in the best interests of BullGuard Limited, as opposed to BullGuard Americas and the Steen Group. [*Id.* at p.4, ¶ 20.]

## **MEMORANDUM OF LAW**

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts must (1) disregard any legal conclusions and (2) take as true the well-pled allegations to determine whether they plausibly state a claim for relief. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Regarding the amount of detail that needs to be pled, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does

3

not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–679.

Additionally, when a plaintiff "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct," the complaint does not satisfy Rule 8's "minimum standard." *Lane v. Capital Acquisitions and Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (dismissing complaint where the defendants could not "determine from the face of the Compliant which acts or omissions the Plaintiffs seek to hold each of them liable"). The purpose of this rule is so each defendant can have "fair notice" of the allegations against it. *Petrovic v. Princess Cruise Lines, Ltd.*, No. 12-21588-CIV, 2012 WL 3026368, at *3 & *5 (S.D. Fla. July 29, 2012) (citing *Atuahene*, 10 F. App'x at 34) (granting motion to dismiss because allegations did not give defendants notice and an opportunity to respond to the claims against them); *see also Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (Dimitrouleas, J.) (dismissing claim for "improperly lump[ing] Defendants together").

I.   *The allegations of the Complaint are conclusory.*

The Complaint does not specify: what cause of action it is bringing; why the termination of the Distribution Agreement was wrongful; why the termination was not in the best interests of the company; or which of the provisions of §§ 608.4225 or 608.4226 Ivanov or Sidjimkov allegedly violated. Simply stating defendants "breached the duty of care" is no better than stating "defendant was negligent." In short, there is no fair statement of the charged misconduct against Ivanov and Sidjimkov. Plaintiffs have simply recited the buzzwords for this brand of dispute: "duty of loyalty," "contrary to the best interests," and "reckless disregard." These words

are mere conclusions that give no detail about the alleged wrongdoing. In order to state a claim under *Iqbal* and *Twombly*, Plaintiffs need more.

To that end, Plaintiffs have no reason for failing to provide additional information. They must know why they think the Distribution Agreement should not have been terminated. They must know why they think doing so was not in the best interests of BullGuard Americas. And, they must know why they believe Ivanov and Sidjimkov acted improperly. So, Plaintiffs need to provide this information for the Complaint to rise above the conclusory level. For these reasons, the current allegations fail to state a claim.

II.   *The Complaint fails to fairly put Ivanov and Sidjimkov on notice of the allegations against them because the allegations are made collectively against them and BullGuard Limited.*

The Complaint lumps together most of the allegations against BullGuard Limited, Ivanov, and Sidjimkov. [ECF # 1-1, pp.3–4, ¶¶ 16, 18, 19, & 20.] In this factual scenario, that is a problem.[1] As alleged in the Complaint, Ivanov and Sidjimkov had roles and responsibilities with both BullGuard Limited and BullGuard Americas (as did Steen-Jorgensen with his roles at BullGuard Americas and the Steen Group). To evaluate the allegations of the Complaint, Ivanov and Sidjimkov need to know, first and foremost, what capacity Plaintiffs allege Ivanov and Sidjimkov acted in when the alleged misconduct occurred. It is not clear whether Plaintiffs complain that (1) Ivanov and Sidjimkov, as managers of BullGuard *Americas*, have committed wrongdoing; or (2) Ivanov and Sidjimkov, in their roles at BullGuard *Limited*, have acted

---

[1] Ivanov and Sidjimkov recognize that there are situations where it is appropriate to group allegations against defendants. *See, e.g., Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (allowing group allegations when the complaint can be read so the allegation can be made about each defendant individually). Here, this is not the case. Plaintiffs cannot use the same statement to allege wrongdoing by (1) the member of an LLC and (2) without specifying in which capacity they were acting, the managers of an LLC, who also operate the member.

5

improperly. When the allegations against BullGuard Limited, Ivanov, and Sidjimkov are the same, they cannot decipher this issue.

This is not to pick nits. When they agreed to form BullGuard Americas, Plaintiffs were aware that BullGuard Limited would appoint members of its Board of Directors as Member Managers of BullGuard Americas. As such, if Plaintiffs now complain that Ivanov and Sidjimkov, in their role at BullGuard Limited, were not allowed to act for BullGuard Limited, that raises one set of issues and defenses. On the other hand, if Plaintiffs are claiming Ivanov and Sidjimkov were acting in their capacity as managers of BullGuard *Americas* while simultaneously operating BullGuard *Limited*, that raises entirely different issues and defenses.

Either way you look at it, Plaintiffs' position is confused by the reality of the relationship between BullGuard Americas, BullGuard Limited, and the Steen Group. Taken to its logical conclusion, Plaintiffs are alleging that any termination of the Distribution Agreement by BullGuard would always be a *per se* breach of fiduciary duty if done without Plaintiffs' blessing. Or to put it another way, notwithstanding language in the distribution agreement that expressly permits termination, BullGuard may never exercise these bargained for rights and must leave its United States business permanently in the control of the minority member of BullGuard Americas. This is clearly not what the parties intended, nor is it what they expressly agreed to.

To be frank, this seems to be nothing more than a dispute between BullGuard Limited and the Steen Group over BullGuard Americas concerning the termination of the distribution agreement, with Ivanov and Sidjimkov being roped in individually merely in an attempt to exert pressure on them. Adding them only complicates this case and leads to an unnecessary expenditure of resources over what boils down to the dispute between BullGuard Limited and the Steen Group over the Distribution Agreement. If Plaintiffs insist on naming Ivanov and

Sidjimkov in this lawsuit, that is their prerogative. But they should at least have to state a clear basis for doing so. If not, Defendants would have no choice but to speculate in an effort answer this conclusory claim. Putting aside merely trying to respond to the allegations, trying to move for summary judgment on them would be an unnecessarily complicated affair.

WHEREFORE, Ivanov and Sidjimkov respectfully request that this Court dismiss the Complaint.

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER
+ GROSSMAN LLP
201 S. Biscayne Blvd.
Miami Center, 22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

*/s/ Stephanie Reed Traband*
Stephanie Reed Traband
Florida Bar No. 0158471
E-mail: srt@lklsg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2013, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to Gregory L. Scott, gscott@nasonyeager.com, Nason, Yeager, Gerson, White & Lioce, P.A., 1645 Palm Beach Lakes Blvd., Suite 1200, West Palm Beach, FL 33401, Telephone: (561) 686-3307, Facsimile: (561) 686-5442.

*/s/ Stephanie Reed Traband*
Stephanie Reed Traband, Esq.
