UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60070-CIV-DIMITROULEAS/SNOW

STEEN GROUP LLC,

    Plaintiff,

vs.

BULLGUARD LIMITED, NEDKO IVANOV and
GEORGE SIDJIMKOV,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants Nedko Ivanov ("Ivanov") and George Sidjimkov's ("Sidjimkov") Motion to Dismiss Complaint [DE-19], filed herein on April 8, 2013. The Court has carefully considered the Motion, Plaintiff Steen Group LLC's Response [DE-31], Defendants' Reply [DE-35], and is otherwise fully advised in the premises.

### I.  BACKGROUND

On January 11, 2013, Defendants Bullguard Limited, Ivanov, and Sidjimkov (collectively, the "Bullguard Limited Defendants") removed this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. See [DE 1]. Defendants argued that the non-diversity state law controversy between Florida Plaintiff Steen-Jorgensen and Florida Defendant Bullguard Americas LLC (Counts I and II) had been "lashed together" with the diversity lawsuit between Florida Plaintiff Steen Group LLC and the foreign Bullguard Limited Defendants (Count III) in an attempt to defeat federal diversity jurisdiction. On March 13, 2013, the Court entered an Omnibus Order [DE 15], severing Count I and Count II, Plaintiff Morten Steen-Jorgensen's claims against Defendant BullGuard Americas LLC, and remanding

1

the severed Counts I and II to state court. The Court retained jurisdiction over Count III, the claim by Steen Group, LLC against Defendants Bullguard Limited, Ivanov, and Sidjimkov. On April 8, 2013, Defendant Bullguard Limited filed an Answer, Affirmative Defenses and Verified Counterclaim, as well as a Motion for Preliminary Injunction. See [DE's 20, 21]. That same day, Defendants Ivanov and Sidjimkov filed the instant motion to dismiss Count III as to themselves. [DE 19].

In Count III, Plaintiff Steen Group LLC ("Steen Group") sues Bullguard Limited, Ivanov, and Sidjimkov. See Complaint [DE -1]. According to the allegations of the Complaint, BullGuard Americas LLC ("BGA") is a Florida limited liability company whose sole members are BullGuard Limited (51%) and Steen Group[1] (49%). See [DE -1] at ¶ 1. BGA's principal place of business is located in Broward County. ¶ 2. BGA has an Operating Agreement with amendments. See ¶ 3.[2] Morten Steen-Jorgensen is the Chief Executive Manager with the powers and duties described in the Operating Agreement. ¶ 3.

Plaintiff alleges that BGA is the distributor of computer software security products manufactured and delivered by BullGuard Limited to the company pursuant to a Distribution Agreement.[3] ¶ 14. Plaintiff alleges that the products were manufactured and delivered by BullGuard Limited to BGA pursuant to the Distribution Agreement. ¶ 14. Plaintiff further alleges that Defendants Ivanov and Sidjimkov are managers of BGA, who were appointed by the

---

[1] Plaintiff alleges that Steen Group is a Florida limited liability company. See [DE -1] at ¶ 1.
[2] Plaintiff alleges that a true and accurate copy of the Operating Agreement, with amendments, was attached to the Complaint. See [DE -1] at ¶ 1. However, it does not appear from the exhibits filed with the Notice of Removal that there were any attachments to the Complaint. Rather, Defendant Ivanov presumably filed in state court (and then included it with the Notice of Removal), a "Declaration of Nedko Ivanov" that attaches as exhibits the Operating Agreement for BGA and the Distribution Agreement between BGA and Bullguard Limited.

[3] See fn. 2.

majority owner, BullGuard Limited, but who have duties and responsibilities to BGA, all members, and other managers. ¶ 15.

Plaintiff alleges that BullGuard Limited and its appointed BGA managers owe a fiduciary duty of loyalty to Steen Group, as a member, to operate BGA in a manner beneficial to the interests of BGA and all of its members. ¶ 16.  Plaintiff also alleges that BullGuard Limited and its appointed BGA managers are obligated to avoid conflits of interest, pursuant to Fla. Stat. § 608.4225 and 608.4226 (2012). ¶ 16.  Plaintiff alleges that the Operating Agreement obligates managers and members to act in good faith and in the best interests of the BGA so as not to damage BGA or other members. ¶ 17.

Plaintiff alleges that BullGuard Limited, Ivanov, and Sidjimkov breached their statutory and Operating Agreement duties by their stated intention to terminate the Distribution Agreement, which provides the sole business, income and profit of BGA. ¶ 18.  Plaintiff states that such termination is contrary to the best financial interests of BGA, and thereby Steen Group. ¶ 18.  Furthermore, Plaintiff alleges that there is no business or legal justification for terminating the Distribution Agreement and that such actions are in reckless disregard of the interests of BGA and Steen Group. ¶ 18.

Plaintiff alleges that BullGuard Limited, as a party to the Distribution Agreement, has purported to exercise termination rights under that agreement and that BullGuard Limited, as a member of BGA, as well as individual manager Defendants Ivanov and Sidjimkov, know that such purported termination is not according to the procedures of the Distribution Agreement. ¶ 19.  Plaintiff further alleges that the Defendants are breaching their statutory fiduciary duty and prohibition against conflict of interest to the detriment of Steen Group as a member of BGA by failing to oppose such incorrect termination procedures. ¶ 19.

Additionally, Plaintiff alleges that BullGuard Limited, Ivanov, and Sidjimkov have chosen to serve what they perceive to be the best interests of BullGuard Limited and usurp BGA's business opportunities to the detriment of BGA and Steen Group, contrary to the Defendant's statutory and Operating Agreement duties. ¶ 20.

## II.   DISCUSSION

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion attacking the legal sufficiency of a complaint.  When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Under the Federal Rules of Civil Procedure Rule 12(b)(6), a motion to dismiss will be awarded if the plaintiff fails to state a claim in which relief can be granted.  According to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), set forth a pleading standard in which the plaintiff must plead "enough facts to state a claim to relief that is *plausible* on its face." (emphasis added).  In order to survive a 12(b)(6) motion, the plaintiff must plead with enough information to show that his claim may entitle him to relief.  "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

**B. Defendants' Motion to Dismiss**

Defendants Ivanov and Sidjimkov (the "individual Defendants") filed the instant Motion on April 8, 2013, arguing that the Complaint should be dismissed because it contains only legal conclusions, with insufficient factual support. Defendants assert that Plaintiff does not put forth sufficient factual support and that the Complaint merely recites legal terms of art, including, "reckless disregard" and "duty of loyalty." They argue that such use of legal terms of art without detailed factual support is insufficient under *Twombly* and *Iqbal*.

The individual Defendants further argue that the Complaint does not identify the cause of action that Plaintiff is bringing against the Defendants in Count III, nor does Plaintiff allege why the termination of the Distribution Agreement was wrongful, why terminating the Distribution Agreement was not in the best interest of BGA, and what specific provisions of Fla. Stat. § § 608.2445, 608.4226 (2012) were violated by Defendants Ivanov or Sidjimkov. Additionally, Defendants state that Plaintiff lumps together Ivanov, Sidjimkov, and BullGuard Limited, without specifically identifying for what conduct Plaintiff seeks to hold each individual Defendant liable.

Here Plaintiff fails to clearly specify a cause of action in Count III of the Complaint. Moreover, Count III sets forth legal conclusions, without the requisite specificity and adequate factual support, which is insufficient under *Twombly* and *Iqbal*. *See Bill v. City of N. Lauderdale*, 12-61342-CIV, 2013 WL 1289165 (S.D. Fla. Mar. 26, 2013) (quoting *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) "[I]t is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable theory.")

While the Complaint alleges that BullGuard Limited, Ivanov, and Sidjimkov have each breached their statutory duties by stating an intention to terminate the Distribution Agreement, the Complaint fails to elaborate regarding what duty was owed, why terminating the agreement was contrary to the best interest of BGA, or why BullGuard Limited's reason for terminating the Distribution Agreement was illegitimate. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). The Complaint also alleges that Defendants breached the statutorily mandated prohibition on conflicts of interest but again, does not provide sufficient factual support to raise a right to relief above the speculative level. *See Twombly*, 550 U.S at 544. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") *Id.* at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.')." *Id.*

Additionally, the Complaint's allegations fail to put the individual Defendants on notice as to which specific violations are directed at which Defendant. *See Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). Here, the Complaint does not clearly distinguish which Defendant is liable for which alleged breach or why and "improperly lump[s] [the] Defendants together." *Bentley*, 733 F. Supp. 2d at 1373. The Complaint must be specific, putting each Defendant on notice and informing each Defendant as to under which capacity they are allegedly being held liable, *i.e.*, as individuals, as members of BullGuard Limited, or as

6

members of BGA, or on some other grounds. *See Petrovic v. Princess Cruises Lines, Ltd.* No. 04-60602 CIV, 2012 WL 3026368, at *3 & *5 (S.D. Fla. July 29, 2012) (dismissing the Complaint because the defendants could not "determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable [for]")  *See also Lane v. Capital Acquisitions and Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (holding that when a plaintiff lumps all the defendants together in one claim and does not distinguish each defendant's individual conduct that the Complaint does not satisfy Rule 8's "minimum standard".)

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants Nedko Ivanov and George Sidjimkov's Motion to Dismiss Complaint [DE-19] is hereby **GRANTED** as follows:

1. Count III is hereby **DISMISSED,** without prejudice;
2. In the event Plaintiff chooses to file an Amended Complaint, consistent with this Order, the deadline to do so is June 18, 2013.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of June, 2013.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record