UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60070-CIV-DIMITROULEAS/SNOW

STEEN GROUP LLC,

    Plaintiff,

v.

BULLGUARD LIMITED, NEDKO IVANOV and
GEORGE SIDJIMKOV,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, STEEN GROUP LLC, pursuant to that portion of the claims that were removed to and remain in federal court and files this First Amended Complaint against the Defendants, BULLGUARD LIMITED, NEDKO IVANOV and GEORGE SIDJIMKOV as follows:

### Count I

Plaintiff sues Defendant BullGuard Limited as follows:

1. BullGuard Americas LLC is a Florida limited liability company ("BGA"), whose sole members are BullGuard Limited (51%) and Steen Group LLC (49%), a Florida limited liability company. BGA's principal place of business is located in Broward County. BGA has an Operating Agreement with Amendments, a true and accurate copy of which is attached hereto as Ex. A.

2. Morten Steen-Jorgensen is the Chief Executive Manager of BGA with the powers and duties described in the Operating Agreement.

3. BGA is the exclusive distributor of computer software security products manufactured and delivered by BullGuard Limited to BGA pursuant to a Distribution Agreement

in the territory defined in the agreement, a true and accurate copy of which is attached hereto as Ex. B.

4. Defendants Nedko Ivanov and George Sidjimkov are managers of BGA who were appointed by the majority owner, BullGuard Limited. On information and belief, Ivanov and Sidjimkov are also officers and/or directors of BullGuard Limited.

5. BullGuard Limited as a member of BGA (a) owes a fiduciary duty of loyalty to the Steen Group LLC as a member to operate the company in a manner beneficial to the best interests of the company and all of its members pursuant to Florida Statute 608.4225 and (b) is obligated to avoid conflicts of interest, as provided in Florida Statute 608.4226.

6. Further, the Operating Agreement obligates managers to act in good faith and in the best interests of the company so as to not damage the company or other members.

7. BullGuard Limited, as a member, has breached its statutory duties to Steen Group as a fellow member by grossly negligent or intentional misconduct or unauthorized conflict of interest as follows:

 a. It agreed as a member of BGA to terminate the Distribution Agreement which provides the sole business, income and profit of BGA. Such termination is contrary to the best financial interests of BGA and thereby Steen Group LLC and there is no business or legal justification for termination of that agreement. Such actions are in reckless disregard of the interests of the company and Steen Group LLC.

 b. On information and belief, BullGuard Limited has established a separate, competing distribution agent for North America, despite the remaining effectiveness of the Distribution Agreement with BGA. By this action, BullGuard Limited, as a member of BGA, has breached the aforementioned statutory duties of loyalty and to avoid conflict of interest.

 c. BullGuard Limited, either directly or through its new distribution agent, has caused BGA customers, including, but not limited to Curatel and Eigers, to cease or

2

substantially limit doing business with BGA and commence doing business with BullGuard Limited and/or its new distribution agent. Again, such actions violate BullGuard Limited's statutory fiduciary duties of loyalty and to avoid a conflict of interest, as a member of BGA.

  d. BullGuard Limited, as a member of BGA, has failed and/or refused to object to or prevent from occurring BullGuard Limited's failure and/or refusal to provide customer service and technological assistance to BGA and its customers for BullGuard products, again in breach of the statutory duties of loyalty and to avoid conflicts of interest owed to Steen Group LLC.

  e. BullGuard Limited has denied BGA and Plaintiff access to its computerized records related to the operation of BGA. Such access had previously been a regular and customary procedure to assist in the operation of the business. The denial of such access is inhibiting the ability to efficiently and profitably conduct the business, thereby damaging the value of Steen Group's interest in BGA and lessening its income therefrom.

  f. BullGuard Limited has failed and/or refused to provide financial information related to online sales of its products to or by customers of BGA, such information having previously been provided on a regular basis. Therefore, BGA and Steen Group have been unable to complete accurate monthly financial reports for the business operation of BGA.

  g. BullGuard Limited, either directly or through its appointed managers of BGA, failed and/or refused to timely provide a copy of the minutes of the BGA meeting occurring on August 30, 2012 to Steen Group LLC. Moreover, the minutes that were prepared and provided were knowingly false in that they contained no reference to the conditions under which Morten Steen-Jorgensen proposed to resign as Chief Executive Manager. The minutes falsely represented that such resignation was without any conditions.

  8. While BullGuard Limited, as a party to the Distribution Agreement, has purported to exercise termination rights under that Agreement, BullGuard Limited as a member of BGA

knows that such purported termination is not according to the required procedures of the Distribution Agreement. Therefore, this Defendant is breaching its statutory fiduciary duties and prohibition against conflict of interest to the detriment of Steen Group LLC as a member of BGA by failing to oppose such incorrect termination procedures.

9. BullGuard Limited has chosen to serve what it perceives to be the best interests of BullGuard Limited and to usurp BGA's business opportunities to the detriment of BGA and Steen Group LLC, contrary to the aforementioned statutory duties.

10. As a result of this Defendant's breaches of fiduciary duty and prohibition against conflict of interest, Plaintiff will be damaged in an amount greater than $75,000 by virtue of the loss of all or substantially all of the value of its membership interest in and income from BGA in that the entity has no business other than as a distributor for BullGuard Limited.

WHEREFORE, Plaintiff demands judgment for damages in an amount greater than $75,000 against Defendant BullGuard Limited together with such other relief as this Court deems just.

### Count II

Plaintiff sues Defendant Nedko Ivanov and alleges as follows:

11. This is an action for damages in an amount greater than $75,000.

12. Plaintiff incorporates by reference the allegations in paragraphs 1 through 4 and 6 hereinabove.

13. Nedko Ivanov as a manager of BGA (a) owes its fiduciary duty of loyalty to the Steen Group LLC as a member to operate the company in a manner beneficial to the best interests of the company and all of its members pursuant to Florida Statute 608.4225 and (b) is obligated to avoid conflicts of interest as provided in Florida Statute 608.4226.

14. Nedko Ivanov as a manager has breached its statutory and Operating Agreement duties to Steen Group as a member, as follows:

4

      a.     He failed to object to or oppose termination of the Distribution Agreement which provides the sole business, income and profit of BGA. Such termination is contrary to the best financial interests of BGA and thereby Steen Group LLC, and there is no business or legal justification for termination of that agreement. Such actions are in reckless disregard of the interests of BGA and Steen Group LLC.

      b.     He has directly or in cooperation with BullGuard Limited established a separate, competing distribution agent for North America, despite the remaining effectiveness of the Distribution Agreement with BGA.

      c.     He has either directly or in cooperation with BullGuard Limited caused BGA customers, including but not limited to Curatel and Eigers, to cease or substantially limit doing business with BGA and commence doing business with BullGuard Limited and/or its new distribution agent.

      d.     He has directly or in cooperation with BullGuard Limited denied customer service and technological assistance to BGA and its customers related to BullGuard products.

      e.     He has cooperated with BullGuard Limited in denying BGA and Plaintiff access to its computerized records related to the operation of BGA. Such access had previously been a regular and customary procedure to assist in the operation of the business. The denial of such access is inhibiting the ability to efficiently and profitably conduct the business, thereby damaging the value of Steen Group's interest in BGA and lessening its income therefrom.

      f.     In cooperation with BullGuard Limited, he has failed and/or refused to provide financial information related to online sales of BullGuard Limited's products to or by customers of BGA, such information having previously been provided on a regular basis. Therefore BGA and Steen Group LLC have been unable to complete accurate monthly financial reports for the business operation of BGA.

      g.    Directly and/or in cooperation with BullGuard Limited, he failed and/or refused to timely provide a copy of the minutes of the BGA meeting occurring on August 30, 2012 to Steen Group LLC. Moreover, the minutes that were prepared and provided with his knowledge and consent were knowingly false in that they contain no reference to the conditions under which Morten Steen-Jorgensen proposed to resign as Chief Executive Manager. The minutes falsely represented that such resignation was without any conditions.

    15.    Nedko Ivanov as a manager of BGA knew that BullGuard Limited failed to comply with the procedures required to terminate the Distribution Agreement yet failed to object to or oppose such purported termination. Again, such actions are a violation of his statutory and Operating Agreement duties as a manager.

    16.    Nedko Ivanov has chosen to serve what he perceives to be the best interests of BullGuard Limited and to assist in the usurpation of BGA's business opportunities to the detriment of BGA and Steen Group LLC, contrary to his aforementioned statutory and Operating Agreement duties.

    17.    As a result of this Defendant's breaches of statutory and Operating Agreement duties, Plaintiff will be damaged in an amount greater than $75,000 by virtue of the loss of all or substantially all of the value of its membership interest in and income from BGA in that the entity has no business other than as a distributor for BullGuard Limited.

WHEREFORE, Plaintiff demands judgment for damages in an amount greater than $75,000 against Defendant Nedko Ivanov together with such other relief as this Court deems just.

## Count III

Plaintiff sues the Defendant George Sidjimkov and alleges as follows:

    18.    This is an action for damages in an amount greater than $75,000.

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 4 and 6 hereinabove.

20. George Sidjimkov as a manager of BGA (a) owes its fiduciary duty of loyalty to the Steen Group LLC as a member to operate the company in a manner beneficial to the best interests of the company and all of its members pursuant to Florida Statute 608.4225 and (b) is obligated to avoid conflicts of interest as provided in Florida Statute 608.4226.

21. George Sidjimkov as a manager has breached its statutory and Operating Agreement duties to Steen Group as a member, as follows:

   a. He failed to object to or oppose termination of the Distribution Agreement which provides the sole business, income and profit of BGA. Such termination is contrary to the best financial interests of BGA and thereby Steen Group LLC, and there is no business or legal justification for termination of that agreement. Such actions are in reckless disregard of the interests of BGA and Steen Group LLC by failing to object/oppose.

   b. He has directly or in cooperation with BullGuard Limited established a separate, competing distribution agent for North America, despite the remaining effectiveness of the Distribution Agreement with BGA.

   c. He has either directly or in cooperation with BullGuard Limited caused BGA customers, including but not limited to Curatel and Eigers, to cease or substantially limit doing business with BGA and commence doing business with BullGuard Limited and/or its new distribution agent.

   d. He has directly or in cooperation with BullGuard Limited denied customer service and technological assistance to BGA and its customers related to BullGuard products.

   e. He has cooperated with BullGuard Limited in denying BGA and Plaintiff access to its computerized records related to the operation of BGA. Such access had previously been a regular and customary procedure to assist in the operation of the business. The denial of

such access is inhibiting the ability to efficiently and profitably conduct the business, thereby damaging the value of Steen Group's interest in BGA and lessening its income therefrom.

   f. In cooperation with BullGuard Limited, he has failed and/or refused to provide financial information related to online sales of BullGuard Limited's products to or by customers of BGA, such information having previously been provided on a regular basis. Therefore BGA and Steen Group LLC have been unable to complete accurate monthly financial reports for the business operation of BGA.

   g. Directly and/or in cooperation with BullGuard Limited, he failed and/or refused to timely provide a copy of the minutes of the BGA meeting occurring on August 30, 2012 to Steen Group LLC. Moreover, the minutes that were prepared and provided with his knowledge and consent were knowingly false in that they contain no reference to the conditions under which Morten Steen-Jorgensen proposed to resign as Chief Executive Manager. The minutes falsely represented at such resignation was without any conditions.

  22. George Sidjimkov as a manager of BGA knew that BullGuard Limited failed to comply with the procedures required to terminate the Distribution Agreement yet failed to object to or oppose such purported termination. Again, such actions are a violation of his statutory and Operating Agreement duties as a manager.

  23. George Sidjimkov has chosen to serve what he perceives to be the best interests of BullGuard Limited and to assist in the usurpation of BGA's business opportunities to the detriment of BGA and Steen Group LLC, contrary to his aforementioned statutory and Operating Agreement duties.

  24. As a result of this Defendant's breaches of statutory and Operating Agreement duties, Plaintiff will be damaged in an amount greater than $75,000 by virtue of the loss of all or substantially all of the value of its membership interest in and income from BGA in that the entity has no business other than as a distributor for BullGuard Limited.

WHEREFORE, Plaintiff demands judgment for damages in an amount greater than $75,000 against Defendant George Sidjimkov together with such other relief as this Court deems just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June __18__, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Stephanie Reed Traband, Esq. (srt@lklsg.com) and (lv@lklsg.com), Levine Kellogg Lehman Schneider & Grossman LLP, 201 South Biscayne Boulevard, 22nd Floor, Miami, Florida 33131, Attorneys for Defendants Bullguard Limited and Nedko Ivanov and George Sidjimkov.

Respectfully submitted,

NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 686-3307
Facsimile: (561) 686-5442
E-mail: gscott@nasonyeager.com
Attorneys for Plaintiffs
Florida Bar No.: 165080

By: _____
GREGORY L. SCOTT

H:\9660\22084\PFirstAmendedComplaintGLS.docx/clc